# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-465V
Filed: June 30, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| TRACY PURGASON, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 25, 2012, Tracy Purgason ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving a measles-mumps-rubella ("MMR") vaccine and a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on June 27, 2011, she developed rubella-induced chronic arthritis and Wegener's granulomatosis. Petition at Preamble.

On March 30, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation pursuant to the terms of the joint stipulation was issued April 4, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 14, 2016, petitioner filed an application for attorneys' fees and costs, requesting $35,265.43 in attorneys' fees and $15,206.84 in attorneys' costs, for a total fees and costs request of $50,472.27. Petitioner's ("Pet'r's") Application ("App.") at 1; Pet'r's App., Ex. A at 1. In accordance with General Order #9, petitioner states that she did not incur any costs related to the prosecution of this matter. General Order #9 Statement, dated Apr. 25, 2016. Respondent filed a response to petitioner's application on June 24, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $26,000.00 and $43,000.00. Respondent therefore respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range.

Respondent's (Resp's) Response at 3 (internal footnote omitted). Petitioner filed a reply in support of his application on June 27, 2016. This matter is now ripe for adjudication.

## I. Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of

2

Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

## II.        Reasonable Attorneys' Fees and Costs

The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)). The undersigned has reviewed the billing records and documentation of costs in this case and they appear reasonable.

The issue of reasonable forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Petitioner requests 2014-2015 rates of $350 per hour for Mr. Sadaka, who has approximately 12 years of experience, $200 per hour for associates, and $135 per hour for paralegals.[3] See generally, Pet'r's App., Ex. A. The requested rates are in line with the range of hourly rates found reasonable in McCulloch. 2015 WL 5634323, at *19.

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable. The undersigned is impressed that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable. Petitioner's fee application includes an adequate log of the hours and dates of services performed on this case, and the names of the person providing the services. See generally, Pet'r's App., Ex. A. In addition, the undersigned notes that much of the work on this case was performed by paralegals at paralegal rates. Id. The requested costs, which include costs for medical records, court filings, and expert services, are also reasonable. See id.

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of **$50,472.27** reasonable.

---

[3] Work on this case was performed between 2011 and 2016. The rates requested for 2011-2013 are lower than the rates requested for 2014-2015, and the rates requested for 2016 are higher. It appears that an increase of approximately 3.7% was applied for each year. See generally, Pet'r's App., Ex. A. This is consistent with the annual adjustment based on attorney fee inflation applied in McCulloch, and the undersigned finds all of the requested rates reasonable. See McCulloch, 2015 WL 5634323, at *16.

3

### III.  Conclusion

**The undersigned awards attorneys' fees and costs as follows:**

**(1) A lump sum of $50,472.27 in the form of a check payable jointly to petitioner and petitioner's counsel, Mark T. Sadaka, of Mark T. Sadaka, LLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.